NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. RONY OSWALDO ASENCIO-DE LEON, Defendant-Appellant. | No. 19-10118 D.C. No. 4:18-cr-01992-RM-JR-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted September 14, 2020
San Francisco, California

Before: WATFORD, FRIEDLAND, and MILLER, Circuit Judges.

Rony Oswaldo Asencio-De Leon unlawfully entered the United States from

Mexico and was apprehended by Border Patrol Agent Benjamin Turner. A

physical altercation ensued. Turner and other agents involved in the apprehension

said that Asencio punched Turner in an effort to evade arrest; Asencio said that he

did not know Turner was an agent, that he used force only in self-defense, and that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Turner used excessive force in apprehending him. A jury convicted Asencio of assaulting a federal officer, in violation of 18 U.S.C. § 111, and Asencio now appeals. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

1.      At trial, Asencio sought to present the testimony of James Soto, an expert witness, to describe Border Patrol policies on the use of force. The district court excluded the testimony, reasoning that Soto was not "going to testify that the . . . use of force in this case . . . equated [to] excessive force," and that his testimony concerning the Border Patrol's use-of-force policies was therefore irrelevant and could mislead or confuse the jury. We review the decision to exclude Soto's testimony for abuse of discretion. *See United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010).

Whether the agents used excessive force was an ultimate issue of law on which Soto could not opine. *See Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004). But Soto's testimony was nevertheless relevant. While the Fourth Amendment, and not Border Patrol policy, sets the standard for excessive force, *see Virginia v. Moore*, 553 U.S. 164, 172 (2008), Soto's testimony could have helped the jury understand the options available to agents in similar situations, which in turn could have helped the jury decide whether the agents' use of force was reasonable or excessive. *See Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (9th Cir. 2003). Given

that Federal Rule of Evidence 401's "basic standard of relevance . . . is a liberal one," *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993), and that the exclusion of evidence under Rule 403 in criminal prosecutions is "an extraordinary remedy to be used sparingly," *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (internal quotation marks and citation omitted), excluding Soto's testimony here was an abuse of discretion.

2.  Asencio also argues that the prosecutor engaged in misconduct. Because Asencio did not object to all the alleged misconduct at trial, we review for plain error. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015). We may reverse only if there is "error that is plain and that affect[s] substantial rights," and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks and citation omitted).

First, plain error occurred when the prosecutor asked Asencio during cross-examination if Agent Mitchell Dunn (and perhaps Agent Turner) were not "telling things the way they were seeing." Although a prosecutor may point out inconsistencies between a defendant's testimony and that of other witnesses, she may not ask a defendant whether other witnesses have testified untruthfully. *Alcantara-Castillo*, 788 F.3d at 1191. Such questions are impermissible even if they do not include the word "lie"—any inquiry tantamount to asking whether

3

testimony is an "intentional deception" is improper. *Id*. at 1192–93.

The government argues that the prosecutor's question was too vague to be misconduct, but viewed in the context of the cross-examination and the prosecution's overall argument—a central theme of which was that Asencio was lying and the agents were forthright—the question is most naturally understood as asking Asencio whether the agents' testimony was intentionally false, as opposed to merely a mistake of perception. *Alcantara-Castillo*, 788 F.3d at 1193. That was improper.

Second, plain error occurred when the prosecutor stated during closing argument that the agents had "no real motive" to lie. Prosecutors may not "vouch" for government witnesses by suggesting that extra-record information confirms their credibility. *United States v. Weatherspoon*, 410 F.3d 1142, 1146 (9th Cir. 2005). We have held that similar statements—that government agents had "no reason to lie"—were plainly improper. *Id.*; *see United States v. Combs*, 379 F.3d 564, 574–75 (9th Cir. 2004). While it may be permissible for the government to argue that one of two witnesses is lying when their testimony is incompatible, *United States v. Wilkes*, 662 F.3d 524, 541 (9th Cir. 2011), the prosecutor crossed the line here by opining—based on nothing we can discern in the record—as to the motives of the government's key witnesses. The prosecutor exacerbated that error by contrasting the agents' testimony with what she called Asencio's "real motive

4

to testify untruthfully." *See Combs*, 379 F.3d at 574–76.

3.     The erroneous exclusion of evidence is reviewed for harmless error, and the government must "show a 'fair assurance' that the verdict was not substantially swayed by error." *See United States v. Moran*, 493 F.3d 1002, 1014 (9th Cir. 2007) (quoting *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002)). But Asencio's prosecutorial-misconduct claim is reviewed for plain error, and therefore "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice" on that issue. *Olano*, 507 U.S. at 734. In assessing prejudice, we evaluate the cumulative impact of the errors. *See United States v. Preston*, 873 F.3d 829, 835 (9th Cir. 2017); *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). Here, the government's case was not overwhelming. As both sides concede, "witness credibility was paramount." *Combs*, 379 F.3d at 573 (internal quotation marks and citation omitted). And without an expert to help the jury meaningfully evaluate the agents' use of force, Asencio was left with the agents' own assessments of their conduct. The errors, taken together, affected Asencio's substantial rights and deprived him of a fair trial.

4.     Asencio also challenges various aspects of the jury instructions. Because we conclude that his conviction must be reversed for the reasons set out above, we do not consider those instructional issues.

**REVERSED AND REMANDED**.

5